UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Marc Ratliff, # 04558-043 | ) C/A No. 4:15-3923-HMH-TER |
| | ) |
| Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| M. Travis Bragg, Warden, | ) |
| | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prison inmate appearing *pro se*. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual and Procedural Background

David Marc Ratliff ("Petitioner"), an inmate at FCI Bennettsville, submits a habeas corpus petition in which he alleges that he is being denied the right to exercise five hours per week, and that he is being denied a blood test, which he believes will show that he is bing exposed to toxic mold at the institution. Pet.5-6, ECF No. 1.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the

1

pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.     Discussion

The primary question presented by the Petition now under review is whether Petitioner's claims may be reviewed by this court as a habeas claim under 28 U.S.C. § 2241[1] or whether they should have been brought as a constitutional-violation, conditions-of-confinement claim under 42 U.S.C. § 1983. The two remedies are distinct and federal courts routinely consider whether a prisoner's claim falls under habeas review or under the more general federal civil rights statute, 42 U.S.C. § 1983.[2] *See Wilkinson v. Dotson*, 544 U.S. 74, 78–83 (2005) (reviewing the preceding thirty-two years of United States Supreme Court case law explaining which prisoner claims are appropriate for habeas review). In 1973, the United States Supreme Court decided that state prisoners cannot use a § 1983 action to challenge "the fact or duration" of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (overruled on other grounds by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)).[3] The Supreme Court has since clarified this principle to hold that, regardless of the relief sought or conduct challenged, the proper remedy lies in habeas corpus only if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*,

---

[1] A § 2241 petition is appropriate if an inmate is challenging the fact or length of his confinement, or an administrative order regarding his good-behavior credits, but it may not be used to challenge the inmate's conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499–500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).

[3] *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Each of these Supreme Court opinions contain discussions about the distinctions between habeas actions and § 1983 actions.

544 U.S. at 82. The *Wilkinson* Court held that in challenges to prison procedures, "where success in the action *would not necessarily* spell immediate or speedier release for the prisoner," § 1983, not habeas corpus, is the appropriate remedy. *Id*. at 81 (emphasis in original); *see Muhammad v. Close*, 540 U.S. 749 (2004) (§ 1983 complaint is proper vehicle to challenge disciplinary convictions that did not result in loss of earned sentence credits). Thus, the determinative question for consideration in this report is whether success on Petitioner's claims would "necessarily spell [his] immediate or speedier release." *Wilkinson*, 544 U.S. at 81; *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

This court does not have habeas corpus subject-matter jurisdiction to consider Petitioner's claims because the relief requested would not affect the duration of his prison sentence. As such, no plausible habeas corpus claim is stated.[4] S*ee, e.g.*, *Bedenfield v. Lewisburg*, 393 F. App'x 32, 33 (3d Cir. 2010) (challenge to placement in special management unit is a conditions-of-confinement claim and not a habeas claim); *Dyson v. Ross*, No. 1:10–cv–382–DLB(HC), 2010 WL 3516358, at *3 (E.D. Cal. Sept. 2, 2010) (claim challenging placement in special management housing unit dismissed for lack of habeas jurisdiction); *Burnette v. Smith*, No. CIV S–08–2178 DAD P, 2009 WL 667199, at *1 (E.D. Cal. Mar.13, 2009) (petitioner's confinement in segregated unit for security purposes and

---

[4]Due to the different procedural requirements and possible consequences between a § 2241 petition and a § 1983 complaint, Petitioner's petition cannot simply be reclassified, either *sua sponte* by the Court or by way of a motion. Because these claims are inappropriate for consideration as a § 2241 petition inasmuch as they challenge neither the fact or length of his confinement, the petition must be dismissed. *See generally, Westbrook v. United States*, 2009 WL 1752209, at *3 (N.D.W. Va. 2009) aff'd, 358 F. App'x 435 (4th Cir. 2009).

4

prison's refusal to transfer petitioner is not proper basis for a habeas action); *Nostratis v. Sugrue*, No. 1:09–CV–126 GSA HC, 2009 WL 462732 at *1 (E.D. Cal. Feb.23, 2009) (petitioner's claim that he should be transferred to another facility should not be raised in a habeas proceeding). *Cf. See Gadsen v. Owen*, No. 2:11–03190–JFA–BHH, 2012 WL 3062658 (D.S.C. July 2, 2012) (dismissing § 2241 petition filed by federal prisoner seeking transfer out of current non-credit-earning classification; in ability to earn credits is not the same as losing accrued credits; no liberty interest in earning credits in South Carolina), *adopted by* 2012 WL 3059620 (D.S.C. July 26, 2012). Because this case should be dismissed for lack of subject-matter jurisdiction, Petitioner's allegations about his alleged inability to exhaust his administrative remedies are irrelevant.

IV.     Recommendation

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

s/ Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>UNITED STATES MAGISTRATE JUDGE

November 30, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).