IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Marc Ratcliff, #04558-043, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>M. Travis Bragg, Warden, )<br>)<br>Respondent. ) | C.A. No. 4:15-3923-HMH-TER<br><br>**OPINION & ORDER** |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] David Marc Ratcliff ("Ratcliff"), a federal prisoner, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge Rogers recommends dismissing the petition without prejudice and without requiring the Respondent to file an answer.

    Ratcliff filed objections to the Report and Recommendation on December 10, 2015.[2] Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Houston v. Lack, 487 U.S. 266 (1988).

1

727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Ratcliff's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean one specific objection.  Ratcliff objects that the magistrate judge only considered grounds two and three of his petition, and failed to address ground one in the Report and Recommendation.  (Objections generally, ECF No. 15.)  In ground one, Ratcliff alleges that his right to seek administrative relief through the prison grievance system is being denied; in ground two, he alleges his right to exercise five hours a week is being denied; and in ground three, he alleges he is being denied a blood test that will show exposure to toxic mold at the institution.  (§ 2241 Petition generally, ECF No. 1.)  However, the court finds Ratcliff's objection is without merit.

Ratcliff alleges his lack of access to the prison grievance system directly affects his "sentence and how it is being executed."  (<u>Id.</u> at 3A, ECF No. 1.)  However, Ratcliff does not indicate in his petition what relief he was actually seeking through the administrative process that he has been prevented from pursuing.  Because Ratcliff has failed to state the underlying issue, it is unclear whether Ratcliff's underlying claims arise under the habeas corpus provisions of § 2241 or the civil rights provisions under § 1983.[3]

---

[3] To be sure, Ratcliff notes in his petition that his failure to exhaust his administrative remedies for ground two, a civil rights issue concerning the denial of his right to exercise five hours a week, was "[d]ue to the fact of Ground One 'Denial of The Administrative Remedy Process.'"  (§ 2241 Petition 4, ECF No. 1.)  This statement implies that the underlying issue for ground one is the civil rights issue raised in ground two.  However, in the explanation under

A petition for habeas corpus under § 2241 is the exclusive method to challenge the execution of a federal sentence that affects the duration of confinement. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). However, Ratcliff does not raise grounds or present facts in his complaint that could be construed to challenge the execution of his federal sentence or to impact the duration of his confinement. Therefore, he does not raise any grounds on which habeas relief may be granted under § 2241, and the petition must be dismissed.

To the extent Ratcliff's complaint is based on the conditions of his confinement, such a claim is properly addressed under § 1983. Even if the court were to liberally construe Ratcliff's complaint as a civil rights complaint,[4] Ratcliff fails to raise a claim for violation of his constitutional rights. Ratcliff has no constitutional right of access to a prison grievance system, and no due process liberty interest is at issue when access to that grievance system is denied. See, e.g., McFadden v. Westley, No. CIV.A. 3:12-2392-JMC, 2013 WL 6283586, at *10 (D.S.C. Dec. 3, 2013) (unpublished) (adopting report and recommendation); see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Flick v. Alba,

---

ground one, Ratcliff notes only that he is unable "to properly proceed into court on the issues complained on which directly affects petitioner[']s sentence and how it is being executed by the respondent," which implies a § 2241 claim. (Id. at 3A, ECF No. 1.)

[4] The magistrate judge noted that it may not even be possible to reclassify a § 2241 petition into a § 1983 complaint due to the different procedural requirements and potential consequences of such a reclassification. Westbrook v. United States, No. Civ.A. 1:09CV47, 2009 WL 1752209, at *3 (N.D.W. Va. June 18, 2009) (unpublished), aff'd, No. 09-7399, 2009 WL 5126954, at *1 (4th Cir. Dec. 29, 2009) (unpublished).

932 F.2d 728, 729 (8th Cir. 1991) ("We conclude that the federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). Therefore, Ratcliff does not raise any grounds on which § 1983 relief may be granted, and the petition must be dismissed.

In sum, Ratcliff has failed to present a claim upon which relief can be granted, whether under habeas corpus or civil rights provisions. Based on the foregoing, Ratcliff's objection is without merit, and the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Ratcliff's § 2241 petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file an answer or return.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 15, 2015

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.